IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENE C. BENCKINI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| COOPERSBURG BOROUGH POLICE | : | NO. 15-6017 |
| DEPARTMENT, et al. | : | |

MEMORANDUM

SÁNCHEZ, J.                                                                NOVEMBER 17, 2015

Gene C. Benckini brings this action against the Coopersburg Borough Police Department, Police Chief Daniel C. Trexler, Officer William Nahrgang, Officer Brian McLaughlin, Heather Lloyd, Kevin Farnish, and Stephen J. Hujsa Jr. The complaint is essentially based on Benckini's allegations that the defendants conspired against him because he witnessed a murder in 1999, and because he spoke out about environmental abuses at a sewage treatment plant.[1] He seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Benckini leave to proceed *in forma pauperis* and dismiss his complaint.

I. FACTS

Benckini alleges that he witnessed a hit and run homicide in 1999. He believes that Lloyd was the perpetrator. Benckini alleges that Officer Trexler, a close friend of Lloyd's, conspired with her and the other defendants to cover up the offense, discredit Benckini, and falsely charge Benckini with various crimes. In that regard, he alleges that in 1999, 2000, and 2001, the defendants falsely charged him with stalking Lloyd. Benckini alleges that he was

---

[1] Benckini recently initiated a lawsuit against other defendants based on his allegations that contamination from the sewage plant caused his leukemia and other illnesses. *See Benckini v. Upper Saucon Twp. Municipal Auth. Sewage Treatment Plant*, E.D. Pa. 15-5526.

1



convicted based on certain defendants' false testimony and that, in fact, it was Lloyd who stalked him in 1999 and 2001.

Benckini further alleges that defendant Hujsa attempted to murder him on January 29, 2001, in connection with the conspiracy. Benckini obtained statements from eyewitnesses implicating Hujsa, and turned those statements over to the police. Certain defendants allegedly pressured those witnesses to implicate Benckini in having forged their statements. The complaint suggests that Benckini was charged with forging the witness statements, and acquitted of some of those charges.

Benckini also believes that the defendants sabotaged the investigation of the 1999 homicide. In March of 2006, Benckini called 911 "to report the 'unsolved cold case' of the Sept, 3, 1999 homicide hit and run" to "force the hand of Chief Trexler." In May of 2006, he was arrested for filing a false police report. Benckini alleges that the charges against him were false and part of the police cover-up. He also appears to be alleging that he was convicted of those charges based on perjured testimony.

Benckini alleges that he is "totally innocent" of the crimes with he was charged and notes that his mother passed away while he was incarcerated. He seeks a new trial in his criminal cases, $5 million in damages "for [his] mothers death and false [imprisonment]," and the removal of Office Trexler from his job. The Court understands Benckini to be asserting constitutional claims pursuant to 42 U.S.C. § 1983, and related state law claims based on his alleged false arrests, false imprisonment, malicious prosecution, and the torts allegedly committed against him.

This is not the first lawsuit that Benckini has filed based on the events at issue in this complaint. In 2003, 2005, 2007, 2008, and 2011, he filed lawsuits pursuant to 42 U.S.C. § 1983

against many of the same defendants based on the same events underlying this lawsuit. *See Benckini v. Pa. State Police Bureau of Forensic Servs.*, E.D. Pa. Civ. A. No. 11-1856; *Benckini v. Pa. State Police Bureau of Forensic Servs.*, E.D. Pa. Civ. A. No. 08-5797; *Benckini v. UpperSaucon Twp.*, E.D. Pa. Civ. A. No. 07-3580; *Benckini v. Borough of Coopersburg*, E.D. Pa. Civ. A. No. 05-5122; *Benckini v. Ford*, E.D. Pa. Civ. A. No. 05-1417; *Benckini v. Coopersburg Police Dep't*, E.D. Pa. Civ. A. No. 03-3671. The complaint he filed in 2007, for example, is in part based on his theory that Trexler, Lloyd, and others conspired to file false charges against him—including the stalking charges and the charge that he filed a false police report—to cover up Lloyd's role in the hit and run. *See, e.g., Benckini v. UpperSaucon Twp.*, E.D. Pa. Civ. A. No. 07-3580 (Document No. 1 at 5-8). Benckini did not prevail in his prior lawsuits.

## II.   STANDARD OF REVIEW

Benckini's motion to proceed *in forma pauperis* is granted because it appears that he is incapable of paying the fees to commence this civil action. As Benckini is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) require the Court to screen the complaint and dismiss it if it is frivolous, malicious, or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). "A court that considers whether an action is malicious must, in accordance with the definition of the term 'malicious,' engage in a subjective inquiry into the litigant's motivations at the time of the filing of the lawsuit to determine whether the action is an attempt to vex, injure or harass the defendant." *Id.* at 1086. "Repetitive litigation undoubtedly is some evidence of a litigant's motivation to vex or harass a defendant where it

serves no legitimate purpose." *Fiorani v. Hewlett Packard Corp.*, 547 F. App'x 103, 105 (3d Cir. 2013) (per curiam).

To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Court may also consider matters of public record. *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). Additionally, the Court may dismiss claims based on an affirmative defense if the affirmative defense is obvious from the face of the complaint. *See Ball v. Famiglio*, 726 F.3d 448, 459 (3d Cir. 2013). As Benckini is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

The Court will dismiss this lawsuit as malicious. Benckini is raising claims against individuals whom he has already sued repeatedly for the same alleged violations of his rights. Benckini's repeated pursuit of the same claims is indicative of an abuse of process and justifies the dismissal of the complaint as malicious. *See Brodzki v. CBS Sports*, Civ. A. No. 11-841, 2012 WL 125281, at *1 (D. Del. Jan. 13, 2012) ("[A] district court may dismiss a complaint as malicious if it is plainly abusive of the judicial process or merely repeats pending or previously litigated claims.").

The complaint is also subject to dismissal because it is frivolous and fails to state a claim. To the extent Benckini seeks a new trial on criminal charges, he is essentially seeking relief that is only available in a *habeas* action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Furthermore, "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence

invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted). As Benckini is seeking damages for many convictions and related imprisonment that apparently have not been invalidated, many of his claims are not cognizable in a civil rights action. To the extent Benckini asserts cognizable claims and claims under state tort law, those claims are barred by Pennsylvania's two-year statute of limitations, as it is apparent from the complaint and Benckini's other filings in this Court that he was aware of the events and injuries giving rise to his claims more than two years prior to his filing of this action on November 5, 2015. *See* 42 Pa. Cons. Stat. § 5524; *Wallace v. Kato*, 549 U.S. 384, 387 (2007).

## IV. CONCLUSION

For the foregoing reasons, the Court will dismiss Benckini's complaint. Benckini will not be given leave to amend because amendment would be futile. An appropriate order follows, which shall be docketed separately.

11/17/15 *mail.*

Benchin

ENTERED

17 2015

CLERK OF COURT

5